**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| JOHNNY MADRID LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | 3:18-cv-00091-RCJ-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| J. CASTRO et al., ) | |
| ) | |
| Defendants. ) | |

This case arises out of an altercation over a vehicle parked on a public plaza. Pending before the Court is a motion to dismiss.

I.      **FACTS AND PROCEDURAL HISTORY**

On October 26, 2017, Plaintiff Johnny Lawrence parked his car in front of the "BELIEVE" sign on the public plaza in downtown Reno, Nevada in order to photograph it there. (*See* Compl. 3, ECF No. 1). Plaintiff is a disabled veteran and argues he is therefore permitted to park his vehicle anywhere, despite the "posted permit parking only" sign at the entrance to the plaza. (*Id.*). Defendant Officers Castro, Meadows, Christensen, and Wamre approached Plaintiff, cited him, and told him he had five minutes to leave. (*Id.*). Plaintiff told Officer Castro he had to air up the suspension in his car and moved to the back of his car to do so, when Officer Castro "shoved [him] into the back of my vehicle." (*Id.*).

Plaintiff has sued Officer Castro in this Court under 42 U.S.C. § 1983 for excessive force. He has sued the other officers at the scene for failure to protect him, and he has sued Chief Jason Soto for failure to train the other Defendants. Defendants have moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The constitutional reasonableness of a seizure is examined under a totality-of-the-circumstances:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical

application," however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (citations omitted).

Defendants note that Plaintiff was in fact parked on the plaza itself where no one may park—there are no parking spaces—not in the parking area near the plaza, so Plaintiff's legal right to park anywhere (even if true) is inapposite. They also note that Plaintiff had set up a tripod to film his vehicle while parked on the plaza, doors open, music blaring, when a city employee told him he could not park there. Police arrived in response to the employee's telephone call. Plaintiff's first statement to the police was, "Do you not know who the fuck I am?," addressing the officer as "nigger." The officers explained to Plaintiff that his disabled veteran license plate did not entitle him to park where no member of the public could park, such as on the plaza itself, where signs indicated no one could drive or park. He responded by calling officers "white peckerwood," as well as "stupid, ignorant, and dumb." Officers asked him not to be rude, to turn down his music, and to move his vehicle. They cited him for having his car on the plaza. Plaintiff invited the officers to perform crude sex acts upon one another. After being cited, Plaintiff drove his car further onto the Plaza three times after the officers moved back to give him space to leave, at which point the officers determined only arrest would obtain

compliance. When Officer Castro put his hand on Plaintiff, Plaintiff dove into the rear hatch of his vehicle in an attempt to make it appear as if he had been shoved. Because Plaintiff was behaving erratically and was rummaging through his unsecured vehicle, Officer Castro grabbed Plaintiff's arm, and Plaintiff dove onto the ground in an attempt to make it look as if he had been thrown down. Officers handcuffed Plaintiff and put him in a police cruiser.

For the purposes of a motion to dismiss, the Court may not consider Defendant's claims of fact, only Plaintiff's. However, Plaintiff has attached a video of the incident to the Complaint itself, (*see* Notice of Manual Filing, ECF No. 2), and the video confirms Defendants' account, at least visually. Plaintiff's car was parked on the plaza itself, not in any parking area, so there is no issue of probable cause as to a citation for a parking violation or to arrest Plaintiff when he failed to comply with officers' directions to move his vehicle after approximately twenty minutes of argument and having moved his car three times within the plaza. And the video makes clear there was no excessive force. Both when "pushing" Plaintiff into the vehicle and "throwing" Plaintiff to the ground, Officer Castro's hands lag behind the mass of Plaintiff's body, showing that the force used to move Plaintiff's body was primarily exerted by Plaintiff himself. Although it is evident Officer Castro intended to put his hands on Plaintiff, Officer Castro appears to react to Plaintiff's movements into the car and onto the ground as opposed to having caused them. Officer Castro's relatively gentle movements likely did not cause the extreme movement of Plaintiff's body, but even if they had, the amount of force used would have been justified for reasons of officer safety, given Plaintiff's belligerence and the fact that he was unrestrained and rummaging through an unsecured vehicle. At a minimum, Officer Castro is entitled to qualified immunity.

The Court may consider this evidence under the present motion because it is attached to the Complaint, *see Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19, and, as such, it serves as an admission negating any written allegations that might otherwise support a claim of excessive force, *see Scott v. Harris*, 550 U.S. 372, 380 (2007).  Because no amended written allegations will overcome the video evidence attached to the Complaint that clearly negates a claim of excessive force, the Court will not give leave to amend.  Because there was no excessive force, the failure-to-protect and failure-to-train claims necessarily fail, as well.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this  24th day of April, 2018.

_____
ROBERT C. JONES
United States District Judge